IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

THOMAS TROUBLE MAHER,

    Plaintiff,

v.  :  CIVIL ACTION NO.: CV614-057

EARL TOPPINGS and
RICHARD BUNCH,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Hancock State Prison in Sparta, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that Smith State Prison was on lockdown status in July 2012 because of a "gang war" after twenty-five (25) inmates were stabbed and another prisoner was killed. Plaintiff asserts that, despite this status, Defendants Biggers and Bunch opened his cell and took him and his cellmate out of the cell while they were not handcuffed, which was against the rules, policies, and written directives. Plaintiff alleges that he noticed rival gang members were also out of their cells and were not handcuffed. Plaintiff also alleges that he noticed that the tray flaps for the cells of other rival gang members were open. Plaintiff asserts that he was assaulted and stabbed in his face and his back. Plaintiff contends that all Smith State Prison staff knew that the prison was on lockdown status and why it was on this status. Plaintiff also contends that inmates are not to be in contact with any other inmate, other than their cellmates,

2

while on lockdown and that any inmate being escorted was to be handcuffed. Plaintiff asserts that the failure to handcuff him and the other inmates was against the rules and policies. Plaintiff alleges that Defendants Toppings and Bunch were deliberately indifferent to his safety.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety and health of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. All disputed facts are resolved in accord with the plaintiff's view of the facts. Purcell, 400 F.3d at 1320. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14.

Plaintiff's allegations reveal that the alleged actions of Defendants Bunch and Toppins may have violated a policy, but this is not enough to show a plausible cause of

3

action under § 1983. Stallworth v. Huffman, No. 07-0439-KD-B, 2008 WL 2858591, at *15 (M.D. Ala. July 22, 2008) (citing Cagle v. Sutherland, 334 F.3d 980, 986-87 (11th Cir. 2003) (a violation of a policy alone is insufficient to show a defendant acted with deliberate indifference). Plaintiff alleges no facts which indicate that Defendants Bunch and Toppings acted deliberately and with a callous disregard to any known risk to Plaintiff's safety.[1]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a plausible claim for which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 25th day of August, 2014.

*[signature]*
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's allegations in Case Number CV612-97 were almost identical to those he makes in this Complaint, with the exception that Plaintiff contended in CV612-97 that the events occurred on July 12, 2012, rather than on July 10, 2012, as he does in this cause of action. (See CV612-97, Doc. No. 1, p. 6).

4